Slip Op. 20-178

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD., et al., | |
| Plaintiffs, | |
| and | |
| GUANGDONG YIHUA TIMBER INDUSTRY CO., LTD., et al., | |
| Plaintiff-Intervenors, | **Before:** |
| | **Timothy C. Stanceu, Chief Judge** |
| v. | |
| | **Consol. Court No. 15-00225** |
| UNITED STATES, | |
| Defendant, | |
| and | |
| COALITION FOR AMERICAN HARDWOOD PARITY, et al., | |
| Defendant-Intervenors. | |

OPINION

[Sustaining an agency determination issued in response to the court's order in an antidumping duty proceeding.]

Dated:  December 10, 2020

*Jeffrey S. Neeley*, Husch Blackwell, LLP, of Washington, D.C., for plaintiffs and defendant-intervenors Jiangsu Senmao Bamboo and Wood Industry Co., Ltd., Baishan Huafeng Wooden Product Co., Ltd., Changbai Mountain Development and Protection Zone Hongtu Wood Industrial Co., Ltd., Chinafloors Timber (China) Co., Ltd., Dalian

Kemian Wood Industry Co., Ltd., Dalian Qianqiu Wooden Product Co., Ltd., Dasso Industrial Group Co., Ltd., Dongtai Fuan Universal Dynamics, LLC., Dun Hua Sen Tai Wood Co., Ltd., Dunhua City Wanrong Wood Industry Co., Ltd., Fusong Jinlong Wooden Group Co., Ltd., Fusong Jinqiu Wooden Product Co., Ltd., Fusong Qianqiu Wooden Product Co., Ltd., Guangzhou Panyu Kangda Board Co., Ltd., Hunchun Forest Wolf Wooden Industry Co., Ltd., Jiafeng Wood (Suzhou) Co., Ltd., Jiangsu Guyu International Trading Co., Ltd., Jiangsu Kentier Wood Co., Ltd., Jiangsu Mingle Flooring Co., Ltd., Jiangsu Simba Flooring Co., Ltd., Jiashan HuiJiaLe Decoration Material Co., Ltd., Jilin Forest Industry Jinqiao Flooring Group Co., Ltd., Kemian Wood Industry (Kunshan) Co., Ltd., Nanjing Minglin Wooden Industry Co., Ltd., Puli Trading Limited, Shanghai Lizhong Wood Products Co., Ltd./The Lizhong Wood Industry Limited Company of Shanghai/Linyi Youyou Wood Co., Ltd., Suzhou Dongda Wood Co., Ltd., Tongxiang Jisheng Import And Export Co., Ltd., Zhejiang Fudeli Timber Industry Co., Ltd., and Zhejiang Shiyou Timber Co., Ltd.

  *Gregory S. Menegaz*, *Alexandra H. Salzman*, *James K. Horgan*, and *Judith L. Holdsworth*, deKieffer & Horgan, PLLC, of Washington, D.C., for plaintiffs Dunhua City Jisen Wood Industry Co., Ltd. and Yingyi-Nature (Kunshan) Wood Industry Co., Ltd.

  *Jill A. Cramer*, *Kristin H. Mowry*, *Jeffrey S. Grimson*, and *Sarah M. Wyss*, Mowry & Grimson, PLLC, of Washington, D.C., argued for plaintiff, plaintiff-intervenor, and defendant-intervenor Fine Furniture (Shanghai) Limited.

  *Harold D. Kaplan* and *Craig A. Lewis*, Hogan Lovells US LLP, of Washington, D.C., for plaintiffs Armstrong Wood Products (Kunshan) Co., Ltd. and Armstrong Flooring, Inc.

  *Mark R. Ludwikowski*, Clark Hill PLC, of Washington, D.C., for plaintiff and plaintiff-intervenor Lumber Liquidators Services, LLC.

  *Ronald M. Wisla* and *Lizbeth R. Levinson*, Fox Rothschild LLP, of Washington, D.C., for plaintiffs, plaintiff-intervenors, and defendant-intervenors BR Custom Surface, CDC Distributors, Inc., CLBY Inc. *doing business as* D&M Flooring, Custom Wholesale Floors, Inc., Dalian Penghong Floor Products Co., Ltd., Doma Source LLC, Dunhua City Hongyuan Wooden Products Co., Ltd., Galleher Corporation, HaiLin LinJing Wooden Products, Ltd., Hangzhou Hanje Tec Co., Ltd., Hangzhou Zhengtian Industrial Co., Ltd., Huzhou Chenghang Wood Co., Ltd., Huzhou Fulinmen Imp. & Exp. Co., Ltd., Metropolitan Hardwood Floors, Inc., Mudanjiang Bosen Wood Industry Co., Ltd., Nakahiro Jyou Sei Furniture (Dalian) Co., Ltd., Pinnacle Interior Elements, Ltd., Real

Wood Floors, LLC, Shanghai Eswell Timber Co., Ltd., Shanghai Shenlin Corporation, Shenyang Haobainian Wooden Co., Ltd., Shenzhenshi Huanwei Woods Co., Ltd., Swiff Train Co., Timeless Design Import LCC, V.A.L. Floors, Inc., Wego Chemical & Mineral Corp., Xuzhou Shenghe Wood Co., Ltd., Zhejiang Dadongwu Greenhome Wood Co., Ltd., Zhejiang Fuma Warm Technology Co., Ltd., Zhejiang Longsen Lumbering Co., Ltd., and Zhejiang Tianzhen Bamboo & Wood Development Co., Ltd.

*John R. Magnus* and *Sheridan S. McKinney*, Tradewins LLC, of Washington, D.C., for plaintiff, plaintiff-intervenor, and defendant-intervenor Old Master Products, Inc.

*Kristin H. Mowry*, *Jill A. Cramer*, and *Sarah M. Wyss*, Mowry & Grimson, PLLC, of Washington, D.C., for plaintiff-intervenor Guangdong Yihua Timber Industry Co., Ltd.

*Timothy C. Brightbill*, *Tessa V. Capeloto*, and *Stephanie M. Bell*, Wiley Rein, LLP, of Washington, D.C., for defendant-intervenor Coalition for American Hardwood Parity.

*Tara K. Hogan*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington D.C., for defendant United States. With her on the brief were *Joseph H. Hunt*, Assistant Attorney General and *Jeanne E. Davidson*, Director. Of counsel on the brief was *Rachel Bogdan*, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Stanceu, Chief Judge: The plaintiffs in this consolidated action contested the final determination of the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department"), which concluded the second periodic administrative review of an antidumping duty order on multilayered wood flooring from the People's Republic of China ("China"). *Multilayered Wood Flooring From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Results of New Shipper Review; 2012-2013*, 80 Fed. Reg. 41,476 (Int'l Trade Admin. July 15, 2015) ("*Final Results*").

Before the court is the "Second Remand Redetermination" submitted by the Department in response to the order of the court in *Jiangsu Senmao Bamboo & Wood Ind. Co., Ltd. v. United States*, 44 CIT __, 435 F. Supp. 3d 1278 (2020) ("*Senmao II*"). Final Results of Redetermination Pursuant to Court Order (May 8, 2020), ECF No. 161-1 ("*Second Remand Redetermination*"). Also before the court are three comment submissions on the Second Remand Redetermination: (1) a submission made on behalf of various plaintiffs (the "Senmao Plaintiffs"), Senmao Pls.' Comments on Results of Redetermination pursuant to Ct. Order from Slip Op. 20-31 (Mar. 11, 2020) (June 8, 2020), ECF No. 164 ("*Senmao Pls.' Comments*"); (2) a submission by Guangdong Yihua Timber Indus. Co., Ltd. ("Yihua"), Pl.-Int. Guangdong Yihua Timber Indus. Co., Ltd.'s Comments in Support of May 8, 2020 Final Results of Redetermination pursuant to Ct. Order (June 8, 2020), ECF No. 166 ("*Yihua's Comments*"); and (3) a submission by the Coalition for American Hardwood Parity (the "Coalition"), Coalition for American Hardwood Parity's Comments on the Results of Remand Redetermination (June 8, 2020), ECF No. 165 ("*Def.-Int.'s Comments*"). Defendant submitted a reply to these comment submissions. Def.'s Reply to Comments on Second Remand Redetermination (June 23, 2020), ECF No. 167.

The Senmao Plaintiffs and Yihua comment that the Second Remand Redetermination complies with the court's order in *Senmao II* and must be sustained. *Senmao Pls.' Comments* 2; *Yihua's Comments* 2. The Coalition, although expressing

disagreement with a ruling reached in *Senmao II*, agrees that the Second Remand Redetermination is consistent with the court's order. *Def.-Int.'s Comments* 1–2. There is no objection to the Second Remand Redetermination from any party. The court sustains the Second Remand Redetermination.

## I. BACKGROUND

Background on this litigation is presented in *Senmao II*, 435 F. Supp. 3d at 1281 and in *Jiangsu Senmao Bamboo & Wood Ind. Co., Ltd. v. United States*, 42 CIT __, 322 F. Supp. 3d 1308, 1313–16 (2018) ("*Senmao I*"), and is supplemented briefly herein.

In the *Final Results*, Commerce assigned individual weighted-average dumping margins to two respondent exporter/producers: Dalian Dajen Wood Co., Ltd. was assigned a zero margin, and Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Senmao") was assigned a margin of 13.74%. *Final Results*, 80 Fed. Reg. at 41,478. Commerce assigned the 13.74% margin determined for Senmao to the numerous respondents Commerce considered to have established independence from the government of China but that were not selected for individual examination (the "non-selected" companies). *Id.* Responding to the court's decision in *Senmao I*, Commerce redetermined Senmao's margin, reducing it from 13.74% to 6.55%, and assigned the 6.55% margin to 46 non-selected companies. *Senmao II*, 435 F. Supp. 3d at 1281 (citing Final Results of Redetermination Pursuant to Ct. Order (June 3, 2019), ECF No. 145-1).

The only issue remaining in this litigation is the effectuation of the court's order in *Senmao II* directing Commerce to reverse its decision to adjust downward the export prices of subject merchandise to account for what the Department considered irrecoverable value-added tax (the "VAT adjustment"). In *Senmao I*, 322 F. Supp. 3d at 1345, and *Senmao II*, 435 F. Supp. 3d at 1300, the court held that the Department's VAT adjustment was contrary to law. The court held in *Senmao II* that "[t]he Department's decision in the First Remand Redetermination to maintain its adjustments under 19 U.S.C. § 1677 a(c)(2)(B) to the starting prices used to determine export price was contrary to law in relying upon an invalid interpretation of the Tariff Act, which does not permit those deductions." 435 F. Supp. 3d at 1300. The court ordered Commerce to "issue a new determination that does not commit this error." *Id.*

In the process of responding to the court's order in *Senmao II*, the Department circulated a draft remand redetermination to the parties that did not modify the 6.55% margins assigned to Senmao and the non-selected respondents. *Second Remand Redetermination* 5. Certain plaintiffs commented that Commerce, while stating in the draft an intention to remove its VAT adjustment, did not calculate a redetermined margin that accomplished this. The Department acknowledged that it "inadvertently did not exclude the downward VAT adjustment in our margin calculation in the *Draft Remand*." *Id.* at 7. Stating in the Second Remand Redetermination that it had corrected this error, Commerce recalculated Senmao's margin, reducing it by 2.63%, from 6.55%

to 3.92%.  *Id.* at 8.  Commerce assigned the 3.92% rate to non-selected companies not previously excluded from the antidumping duty order.  *Id.*

## II. Discussion

Commerce states in the Second Remand Redetermination that "[i]n light of the Court's decision, we have reviewed our calculations for Senmao and have excluded any downward adjustment for irrecoverable VAT that may have been applied to Senmao."  *Id.* at 3.  Concluding in the draft version of the Second Remand Redetermination that it had made no such downward adjustment and therefore did not exclude one, Commerce stated in the final version that in response to comments and "upon further review of the record" it concluded that it had adjusted Senmao's "U.S. Net Price by 92 percent, making an eight percent irrecoverable VAT adjustment" and that "consistent with the Court's remand order, we have removed the irrecoverable VAT downward adjustment to Senmao's export price."  *Id.* at 7.

Commerce added that "we respectfully disagree with the Court's finding that Commerce impermissibly construed section 772(c)(2)(B) of the [Tariff] Act [19 U.S.C. § 1677a(c)(2)(B)] with respect to irrecoverable VAT, and maintain that our current practice is consistent with the statute and thus in accordance with law.  For this reason, we are conducting this remand under respectful protest."  *Id.* at 8.  In their comments, defendant-intervenors also take issue with the court's interpretation of this statutory provision.  *Def.-Int.'s Comments* 1–2.  While stating its objection, neither party provides

any analysis to explain its disagreement with the court's holding that the Department's VAT deductions were prohibited by the Tariff Act.

The court notes, additionally, that Commerce, in the Second Remand Redetermination, does not explain its recalculation of Senmao's margin in a way allowing the court to ascertain whether the elimination of the 8% downward adjustment to U.S. price correctly resulted in a margin reduction of 2.63%. Nevertheless, the court also notes that no party contests this recalculation. Any objection to the calculation, therefore, is waived.

### III. Conclusion

For the reasons stated above, the court concludes that the Second Remand Redetermination must be sustained. Judgment will enter accordingly.

  /s/ Timothy C. Stanceu  
Timothy C. Stanceu, Chief Judge

Dated: December 10, 2020
      New York, New York